**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 94-30353
Summary Calendar

---

GULF SOUTH MEDICAL AND SURGICAL
INSTITUTE, ET AL.,

Plaintiffs-Appellants,

versus

AETNA LIFE INSURANCE COMPANY,
ET AL.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

(CA-93-1674-F)

(November 10, 1994)

Before POLITZ, Chief Judge, JOLLY and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Dr. George Farber, Gulf South Medical and Surgical Institute, and Burks-Farber Clinics appeal entry of summary judgment in favor of Aetna Life Insurance Company in their suit to recover health insurance benefits. Finding no error, we affirm.

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

## Background

From 1988 to 1990 Dr. Farber treated Edwin Delaney, Jr. for skin disorders, excising multiple lesions and performing skin grafts. Delaney, an employee of Lafarge Corporation, filed for insurance benefits under Lafarge's benefit plan. Aetna, which administered the plan, obtained an evaluation of Delaney's claims from Medical Review Institute and, in concurrence with MRI's recommendation, disallowed approximately 80 percent of the amounts claimed. Obtaining an assignment of Delaney's claims, Dr. Farber, Gulf South Medical, and Burks-Farber Clinics sued Lafarge, Aetna and MRI in state court, invoking the civil enforcement provisions of the Employment Retirement Income Security Act of 1974[1] and also alleging defamation. MRI was dismissed for lack of personal jurisdiction and the remaining defendants removed the action to federal court. The district court granted defendants' motion for summary judgment. This appeal timely followed.

## Analysis

We review a grant of summary judgment **de novo**, affirming if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[2] Faced with a properly supported motion, as here, the nonmovant must present sufficient evidence to allow a rational trier of fact to find in his favor.[3]

_____

[1] 29 U.S.C. § 1132(a)(1)(B).

[2] Fed.R.Civ.P. 56(c).

[3] **Celotex Corp. v. Catrett**, 477 U.S. 317 (1986); **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574 (1986).

The plaintiffs did not satisfy this burden.

Aetna's decisions to deny coverage rested on factual grounds. To prevail on their ERISA claim the plaintiffs must establish that these decisions by Aetna constituted an abuse of discretion.[4] We find no hint of such in the summary judgment record. The decisionmaking process used by Aetna was rational. It referred Delaney's claims to MRI, a nationally recognized company accredited in numerous states, for evaluation by a doctor certified in dermatology by the National Board of Medical Examiners. Aetna reviewed the evaluation and accepted it, except for instances in which its regional estimate of the reasonable and customary charge exceeded MRI's.

Nor have the plaintiffs adduced evidence of anything unreasonable in the substance of Aetna's decisions. In no instance did Aetna change Dr. Farber's diagnosis; plaintiffs' contrary protestations misread the MRI evaluations. Although some MRI reports point out that lesions diagnosed as "carcinoma in situ" by Dr. Farber and his pathologist are benign and could be treated more economically by freezing rather than surgery, Aetna did not reduce benefits or otherwise disallow charges on that basis. In several instances Aetna changed procedure codes pursuant to MRI recommendation, but only to conform with Dr. Farber's own reports. Other disallowances were of procedures that were not reflected on Dr. Farber's reports, supplies customarily incorporated in the

---

[4] **Pierre v. Connecticut General Life Ins. Co.**, 932 F.2d 1552 (5th Cir.), <u>cert</u>. <u>denied</u>, 112 S.Ct. 453 (1991).

charge for the surgery, and duplicative surgery charges -- Aetna, for example, refused to pay for three full surgeries when three lesions were removed at one time.

Dr. Farber complains that Aetna did not obtain an opinion from a dermatopathologist, as recommended by an MRI reviewing physician and an examining dermatologist, Dr. Robert Rietschel. According to Dr. Rietschel, a dermatopathologist could have established whether "the lesions excised were what they are represented to be." Aetna, however, accepted Dr. Farber's diagnoses. Delaney and Dr. Farber therefore lost nothing by Aetna's failure to consult a dermatopathologist.

Dr. Farber further challenges the district court's reliance on the MRI reports, contending that they are hearsay. The reports provide a reliable indication of the bases of Aetna's decisions and therefore were properly considered in the inquiry whether Aetna abused its discretion.[5] Dr. Farber also contends that Aetna singled out his bills for special scrutiny. In support, he points to a notation on Aetna records of Delaney's claims: "Do not pay any claims to Burks-Farber/Send to C[ost] C[ontainment] U[nit] 1st." We conclude that this notation would not support a finding that Aetna failed to exercise impartial judgment.

The appeal of the dismissal of the defamation claim is equally devoid of merit.[6] The plaintiffs contend that Aetna defamed them by communicating its disallowance of charges to Delaney. Clearly

---

[5]**Pierre**, supra.

[6]We do not decide whether this claim is preempted by ERISA.

4

such communications are qualifiedly privileged.  There is no evidence of malice required to overcome this privilege.[7]

The plaintiffs also appeal the dismissal of MRI for lack of personal jurisdiction.  The foregoing disposition moots this assignment of error.[8]

AFFIRMED.

---

[7]See **Rouly v. Enserch Corp.**, 835 F.2d 1127 (5th Cir. 1988).

[8]MRI's motion to dismiss this portion of the appeal likewise is denied as moot.