CRAWLEY, Judge,
dissenting.
I must respectfully dissent from the reversals of the summary judgments entered for Blue Cross on both the defamation claims and the interferenee-with-a-business-relationship claim.
Even assuming that Blue Cross made false and defamatory statements about Guthrie to two patients, the summary judgments for Blue Cross on the defamation claims were proper if Blue Cross was conditionally privileged to make the communications and there was no evidence of actual malice. See Nelson v. Lapeyrouse Grain Corp., 534 So.2d 1085, 1094 (Aa.1988). Whether a statement is privileged is a question of law for the judge, not a question of fact for the jury. Webster v. Byrd, 494 So.2d 31, 34 (Aa.1986).
In Gulf South Medical & Surgical Institute v. Aetna Life Ins. Co., 39 F.3d 520 (5th Cir.1994), cert. denied, 516 U.S. 814, 116 S.Ct. 67, 133 L.Ed.2d 29 (1995), a doctor alleged that a medical payor had defamed him by communicating to his patients the reason for disallowing his charges. The United States Court of Appeals for the Fifth Circuit held: “Clearly such communications are qualifiedly privileged. There is no evidence of malice required to overcome this privilege.” 39 F.3d at 522.
Guthrie actually requested Blue Cross to “fully disclose to [his] patients, in writing, the rationale for [its] decision to deny payment of [his] services.” When Blue Cross made the requested disclosure, it was not guilty of actual malice.
I would also affirm the summary judgment for Blue Cross on the interferenee-with-a-business-relationship claim. Blue Cross was a party to the business relationship with which it is alleged to have interfered. See Haleyville Health Care Center v. Winston County Hosp. Bd., 678 So.2d 789, 793 (Aa.Civ.App.1996) (recognizing that third-party payors are in a business relationship with patients and health care providers). Our supreme court has held that, as a matter of law, one cannot interfere with a business relation to which he or she is a party. Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc., 611 So.2d 238, 247 (Aa.1992); Williams v. A.L. Williams & Associates, Inc., 555 So.2d 121, 124 (Aa.1989).
THOMPSON, J., concurs.