No. 91–485.  PIERRE *v.* CONNECTICUT GENERAL LIFE INSURANCE CO. ET AL.  C. A. 5th Cir.  Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BLACKMUN joins, dissenting.

This lawsuit stems from a denial of accident insurance benefits by the administrator of an Employee Retirement Income Security Act of 1974 (ERISA) plan.  See 88 Stat. 891, 29 U. S. C. § 1132 (a)(1)(B).  In *Firestone Tire & Rubber Co.* v. *Bruch*, 489 U. S. 101,

115 (1989), we reasoned that "the validity of a claim to benefits under an ERISA plan is likely to turn on the interpretation of terms in the plan" and therefore held that decisions of a plan administrator concerning eligibility for benefits ordinarily should be subject to *de novo* review.

Since our decision in *Bruch*, a disagreement has developed in the Courts of Appeals concerning the standard of review to be applied when a benefits decision turns on the facts of the case, rather than the interpretation of the terms in the ERISA plan. The Third and Fourth Circuits have held that a decision of a plan administrator should be reviewed *de novo*. *Luby* v. *Teamsters Health, Welfare, and Pension Trust Funds*, 944 F. 2d 1176 (CA3 1991); *Reinking* v. *Philadelphia American Life Ins. Co.*, 910 F. 2d 1210 (CA4 1990). See also *Petrilli* v. *Drechsel*, 910 F. 2d 1441 (CA7 1990) (dicta). However, in the present case, the Fifth Circuit ruled that an abuse of discretion standard should be applied. 932 F. 2d 1552 (1991).

I would grant certiorari to resolve the conflict in the Courts of Appeals on this important issue.