Susan K. **BUCKLEY**

v.

**ARCADIAN CORPORATION.**

**Civ. A. No. 89–849–A.**

United States District Court,
M.D. Louisiana.

March 30, 1992.

Dan M. Scheuerman, Baton Rouge, La., for plaintiff.

William R. D'Armond, Melanie M. Hartman, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., for defendant.

## RULING ON MOTIONS

JOHN V. PARKER, Chief Judge.

This matter is before the court on a motion by defendant for summary judgment[1] and to strike plaintiff's demand for

---

1. Defendant's motion originally sought summary judgment as to all of plaintiff's claims except for her "nonpreempted" state law claims for sexual discrimination. The court issued a notice to counsel dated December 12, 1991. The notice essentially instructed defendant to address the merits of the sexual discrimination claim due to the court's concern that evidence

a jury. Defendant has also filed a motion to strike certain evidence submitted by plaintiff in opposition to the motion for summary judgment. Plaintiff has filed multiple briefs in opposition to the motions. There is no need for oral argument. Removal jurisdiction is based upon diversity of citizenship.

Plaintiff, Susan Buckley, was employed by defendant, Arcadian Corporation, as an "operating technician" until she was discharged on April 27, 1989. Plaintiff essentially claims that she experienced severe depression, anxiety and stress as a result of the work environment and that defendant wrongly denied her request for a 30 day leave of absence with pay under its Temporary Disability Plan. She seeks to recover damages based upon ERISA (the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.) and various state law theories.

In support of its motions, defendant contends that most of plaintiff's state law claims are preempted by ERISA, that her demand for a jury trial should be stricken as a matter of law, and that her claims under ERISA and "nonpreempted" state law for sexual discrimination must fall on the merits. These arguments will be considered in turn.

STATE LAW CLAIMS

■ It is admitted that defendant's Temporary Disability Plan is an employee welfare plan regulated by ERISA. Generally[2], state laws that "relate to" any employee benefit plan are preempted by ERISA. 29 U.S.C. § 1144(a). The phrase "relate to" has been broadly construed by the courts. A state law relates to a benefit plan if it has a connection with or reference to the plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The term "state law" encompasses general state law causes of action, even though they are not specifically designed to affect employee benefit

plans. *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290 (5th Cir.1989).

■ Plaintiff's state law claim for breach of contract is based on defendant's alleged failure to comply with its Plan. As that claim is squarely based on defendant's Plan, there is no doubt that it is preempted by ERISA. *Cefalu*, supra.

■ Plaintiff additionally asserts a claim under Louisiana's Civil Rights Act for Handicapped Persons, La. R.S. 45:2251, et seq. Defendant contends that plaintiff's mental handicap claim stems directly from the denial of benefits under the Plan and is therefore preempted by ERISA.

According to her complaint, defendant discriminated against plaintiff based on her mental handicap by failing to accommodate her condition by granting her request for 30 days leave with pay. Plaintiff further alleges that she was terminated to avoid payment of benefits in violation La.R.S. 46:2254. In her opposition memoranda, plaintiff is more specific. She contends that defendant discriminated against her in its application of the plan provisions as compared with employees with other illnesses, i.e. by requiring her to submit extensive verification of her illness and to undergo psychological testing and evaluation.

Plaintiff argues that preemption does not extend to claims of employment discrimination in contexts such as hiring and promotions that are unrelated to processing or payment of claims under ERISA plans. See *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 2990, n. 17, 77 L.Ed.2d 490 (1983); *Clark v. Coats & Clark, Inc.*, 865 F.2d 1237 (11th Cir.1989).

The court does not disagree with that contention. However, despite plaintiff's argument to the contrary, it is apparent from the foregoing discussion that her claims of handicap discrimination are in fact directly related and intertwined with the claim for

relating to that claim might overlap or have some bearing on plaintiff's ERISA claim. Defendant's motion for summary judgment has since been amended to cover all of plaintiff's claims.

2. State laws regulating insurance, banking, or securities are exempt from the preemption provision. See *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

denial of benefits. In support of her handicap discrimination claim, plaintiff specifically alleges that defendant discriminated against her by failing to accommodate her condition when it denied her request for a thirty day leave with pay, which she contends was due under the Plan. Moreover, she alleges that she was terminated to avoid payment of Plan benefits. Such action is expressly prohibited by ERISA, 29 U.S.C. § 1140. Therefore, the court finds that the claims made under the Louisiana's Civil Rights Act for Handicapped Persons are clearly preempted by ERISA.[3]

The final state law cause of action asserted by plaintiff is based upon La.R.S. 23:1006, which prohibits discrimination in employment with respect to sex. Plaintiff alleges that male employees have been routinely afforded leave under defendant's Plan, without having to "undergo reported testing or challenges to the validity of their claims of disability." She claims that defendant's refusal to pay benefits based on her purported failure to provide sufficient medical information was merely pretextual and that she was actually discharged because of her sex.

Defendant argues that plaintiff's state law action for discrimination based on sex is preempted to the extent that she requests relief beyond that afforded by Title VII, 42 U.S.C. § 2000e, et seq. While this appears to be a sound argument, for reasons stated below, it is clear that defendant is entitled to summary judgment on the merits of plaintiff's sexual discrimination claims.[4] Therefore, the court need not pass on this particular issue.

## ERISA CLAIM

■ A preliminary issue raised by defendant relates to the applicable standard of review. In *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989), the Supreme Court addressed the appropriate standard of review of claim denials under ERISA. The Supreme Court held that "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," then courts should review denial of benefit claims de novo.

In this case, it is undisputed that the Plan does not give the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the Plan. Thus, the de novo standard of review is applicable. In a "case of first impression in this circuit," the Fifth Circuit has recently refined the application of the de novo standard espoused in *Bruch*. *Pierre v. Conn. Gen. Life Ins. Co.*, 932 F.2d 1552 (5th Cir.1991), cert. denied, —— U.S. ——, 112 S.Ct. 453, 116 L.Ed.2d 470 (1991).

■ Under *Pierre*, the administrator's interpretation of the plan is subject to de novo review. However, the factual determinations underlying a claim for benefits are to be given a deferential review. Id. In other words, reasonable factual conclusions by an administrator should be given due deference. Thus, in this case, the court is required to interpret the plan terms de novo and to review the underlying factual determinations relating to whether plaintiff had complied with the plan terms on an "arbitrary and capricious" basis.

---

**3.** In view of this determination, the court need not consider defendant's alternative arguments that plaintiff failed to timely and properly assert claims of handicap discrimination.

**4.** Under 29 U.S.C. § 1144(d), the preemption clause of ERISA shall not be "construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States ... or any rule or regulation issued under such law." As a consequence, the Supreme Court has held that state laws enforcing Title VII (i.e. prohibiting employment practices that are unlawful under Title VII) are not preempted. *Shaw*, supra. How-

ever, a state law is superseded to the extent that it prohibits employment practices that are lawful under Title VII. *Shaw*, supra. According to defendant, La.R.S. 23:1006 enforces Title VII to the extent that it likewise prohibits discrimination in employment based upon sex. Defendant contends, however, that the Louisiana statute goes beyond Title VII in providing relief for "general or special compensatory damages." Consequently, defendant contends that plaintiff's claims for relief that are not recoverable under ERISA or Title VII are preempted.

The Plan provisions are relatively straightforward. An employee who seeks temporary disability benefits is obligated to report an "illness ... necessitating absence from work" and to obtain "necessary medical assistance" and to take "treatment for recovery."

Defendant contends that the undisputed evidence shows that its plan administrator, Herbert Sands, reasonably found that plaintiff had not provided sufficient documentation to justify her request for thirty days leave and that plaintiff had not shown that she was getting the necessary medical assistance and treatment.

In a nutshell, the evidence submitted by defendant establishes the following undisputed facts. Plaintiff saw an employee assistance counselor at the suggestion of Mr. Sands. Upon the counselor's instructions, plaintiff procured a note from a physician. Dr. Paul Fuselier recommended a thirty day leave of absence based on his opinion that plaintiff was having "acute anxiety attacks resulting from her working environment."

Mr. Sands felt that the note from Dr. Fuselier was insufficient and referred plaintiff to Dr. A.D. Cronan, the plant physician. While Dr. Cronan apparently found that plaintiff suffered from anxiety and depression, he agreed with Mr. Sands that a less demanding job for thirty days would be appropriate. Mr. Sands then offered plaintiff various alternatives, some including light duty, which were all rejected by plaintiff. The next week, plaintiff failed to come to work or to submit any further documentation in support of her claim. By letter dated April 26, 1989, Mr. Sands notified plaintiff that her employment was terminated due to her unexcused absence from work.

In opposition to the motion, plaintiff has submitted her affidavit and certain attachments. By separate motion, defendant seeks to strike some of plaintiff's evidence on the grounds that it was not submitted to the plan administrator for review. Defendant contends that in view of the differential standard of review of factual conclu-

sions the court must focus on the record presented to the administrator at the time of his decision.

The court agrees with this contention. In rejecting a de novo review of factual conclusion in *Pierre*, the Fifth Circuit clearly indicates that a district court should limit itself to the evidence before the plan administrator rather than allowing a full trial on the merits. *Id.* at pp. 1559–1561.

Plaintiff argues that the evidence sought to be excluded was either actually or constructively before defendant. In any event, the portions of plaintiff's affidavit that defendant seeks to have stricken are relatively insignificant. Indeed, for the most part, plaintiff's account of the events leading to her discharge corroborates defendant's version. The sole factual disagreement between the parties relates to plaintiff's willingness to undergo treatment, which for reasons discussed below, is immaterial.

The only significant piece of counter evidence submitted by plaintiff's a letter from Dr. James Seese, dated after plaintiff's termination.[5] Dr. Seese states that plaintiff was seen by him for "severe post-partal depression" and that she "should discontinue working, as she is unable to function at work." Clearly, Mr. Sands did not have the benefit of this letter in making his determination. It might, however, be a basis for remanding this matter to the plan administrator for further consideration but for the fact that plaintiff, in her affidavit, essentially concedes that Dr. Seese's opinion is based upon an incorrect assumption, i.e. that she was suffering from post partum depression. Under the circumstances, the letter from Dr. Seese lends no support to plaintiff's position.

Consequently, the evidence relating to whether plaintiff had an illness that necessitated thirty days absence from work, boils down to Dr. Fuselier's diagnosis of acute anxiety and his recommendation for thirty days leave and Dr. Cronan's concurring finding of anxiety but not the recommendation for thirty days leave. The court

---

**5.** The court observes that Dr. Seese's letter was originally submitted by defendant.

648

concludes that Mr. Sands reasonably denied plaintiff's claim on the grounds that she failed to furnish sufficient medical evidence justifying a thirty day leave of absence.[6]

The note from Dr. Fuselier provides no patient history or specific findings underlying his conclusions. From plaintiff's affidavit, it appears that Dr. Fuselier was her gynecologist. Under the circumstances, the court need not review Mr. Sands additional conclusions relating to plaintiff's failure to obtain medical assistance and treatment.[7]

## SEXUAL DISCRIMINATION CLAIMS

■ Plaintiff additionally claims that defendant violated La.R.S. 23:1006 by discriminating against her based upon her sex in denying her claim for Plan benefits and by terminating her employment. Specifically, plaintiff contends that defendant required less medical documentation from male employees who applied for similar benefits.

Reviewing the supplemental motion, briefs and evidence filed by the parties, it is clear that plaintiff's claims of sexual discrimination are based purely upon her subjective belief that she was being discriminated against in denial of leave and in termination. Under the circumstances, defendant is entitled to summary judgment on these claims. See *Hornsby v. Conoco, Inc.*, 777 F.2d 243 (5th Cir.1985).

Plaintiff now sidesteps her original claims and asserts that sexual harassment by her co-workers caused her to suffer an "emotional collapse" and that Mr. Sands knew that she being subjected to "daily sexual harassment." From this, plaintiff somehow concludes that defendant discriminated against her based on sex in connection with her claim for benefits and her termination.

As defendant points out in its reply memorandum, plaintiff has not asserted any claims for sexual harassment in the workplace. Moreover, accepting plaintiff's affidavit as evidence that she was subjected to daily harassment by her male co-workers and that Mr. Sands was aware of this [8], there is no evidence to establish that the actions of Mr. Sands in denying her claim for benefits or in terminating her employment were in any way based upon sexual harassment. In short, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law.

Because of the court's view of the other issues, defendant's motion to strike the jury demand is moot.

Accordingly, the motion by defendant for summary judgment is hereby GRANTED and this action will be dismissed.

6. The court observes that plaintiff has raised the issue of whether defendant required less medical documentation from male employees applying for similar benefits. A finding on this issue might well bear on the reasonableness of the denial of benefits under the plan, in addition to any sexual discrimination claim per se. For that reason, the court instructed defendant to supplement its motion for summary judgment. The responses filed by defendant and plaintiff leave no doubt that defendant is entitled to summary judgment on this claim as well.

7. The court further observes that this decision would be correct regardless of whether the plan administrator's factual determinations are subject to a differential standard or a de novo standard of review.

8. In his affidavit, Mr. Sands states that plaintiff never informed him of any acts of sexual harassment and that he was not aware of any sexual discrimination towards plaintiff. In her affidavit, plaintiff claims that she discussed various acts of sexual harassment with Mr. Sands and that he was suppose to conduct an investigation. While this clearly presents a factual dispute, it is not material to her claim for benefits or for wrongful termination.