WICKER, Judge.
Mitchell J. Eschete appeals the judge’s failure to award him penalties, interest, and attorney’s fees against his former employer, Walter H. Maples, Inc. d/b/a Maples Sureway, and its retirement plan, Maples Sureway Employees Retirement Plan. The issue is entitlement to penalties, interest, and costs in a suit alleging failure to timely account for and pay retirement benefits. We affirm.
Mr. Eschete worked for Maples Sureway from September 11, 1976 until October 28, 1986, at which point he was terminated for cause at age forty. Maples Sureway provided retirement benefits to its employees through an ERISA plan under 29 U.S.C. Sec. 1001 et seq. Mr. Eschete sought immediate payment of lump sum retirement benefits and, when it was not forthcoming, he sued Walter H. Maples, Inc. d/b/a Maples Sureway; Walter H. Maples, president of the corporation and trustee of the retirement plan; and Maples Sureway Employees Retirement Plan. Meanwhile, the plan made an estimate of benefits and sought further information about Mr. Eschete’s earning history. The retirement plan paid the lump sum benefit of $10,642.24 on February 18, 1988; and Mr. Eschete accepted the money but reserved his right to seek interest, penalties, and attorney’s fees for violation of his rights under the retirement plan provisions and ERISA. He filed another suit seeking these items of damage, and the two suits have been consolidated.
The retirement plan had two grounds of defense: (1) it had no obligation to pay any benefits until the normal retirement age of sixty-two and (2) it had a policy of giving a lump sum at the end of the fiscal year following the fiscal year of termination of employment and upon the retiree’s execution of the necessary documents. The judge ruled in the plan’s favor, finding that Mr. Eschete “has already received everything that is due him under the pension plan.”
The proper standard of review for benefit decisions by fiduciaries and plan administrators is that of arbitrary and capricious. Brown v. Hartford Life Companies, 593 So.2d 1376 (La.App. 5th Cir.1992), following Pierre v. Conn. Gen. Life Ins. Co., 932 F.2d 1552 (C.A. 5th Cir.1991), cert. den. — U.S. -, 112 S.Ct. 453, 116 L.Ed.2d 470 (1991). ERISA, 29 U.S.C. Sec. 1104, requires that an administrator/fiduciary “discharge his duties ... solely in the interest of the participants and beneficiaries and ... for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan....”
The plan in question actually consists of three documents — the Defined Benefit Pension Plan, the Adoption Agreement, and the Trust Agreement. The plan provides for a normal retirement age of sixty-five years, or ten years’ service, whichever comes later. Walter Maples is the plan administrator as well as the trustee. The Adoption Agreement gives him the “sole discretion” to pay the accrued benefit in any form, including a lump sum. The Trust Agreement provides, “Any determination made by the Plan Administrator pursuant to the Plan or this Trust Agreement shall be conclusive and binding on all employees and former employees.... ” Other provisions relate specifically to Mr. Es-chete’s rights under the plan.
Upon the termination of employment of a Participant prior to qualifying for Normal or Early (if applicable) Retirement under this Plan, he shall be entitled to the product of his vested percentage under Article A5 of the Adoption Agreement and his Accrued Benefit under the Plan. Such benefit shall be payable upon the Participant’s Normal Retirement Date.... The Plan Administrator, in its sole discretion and pursuant to a uniform, nondiscriminatory policy, may elect to distribute the Actuarial Equivalent of a Participant’s Vested Interest at any time after the Participant has terminated employment, provided that if the present value of the Participant’s vested Accrued Benefit derived from Employer and Employee contributions ... is greater than three-thousand five hundred dollars ($3,500) ... the Participant and his *566 Spouse give their written consent in the Form of a Qualified Election_ If consent is required, the participant must consent to the timing of the distribution and mode of payment (limited to options provided by the plan).
[[Image here]]
General Rule. Distribution of a Participant’s Vested Interest upon termination of employment for any reason shall commence at such time as the Plan Administrator shall determine; provided, however, that unless the Participant elects otherwise, distribution of benefits will begin no later than the sixtieth (60th) day after the latest of the close of the Plan Year in which:
(A) The Participant attains age Sixty-Five (65)....
(B) occurs the tenth (10th) anniversary of the year in which the participant commenced participation in the plan; or
(C) the Participant terminated service with the Employer.
[[Image here]]
If the participant’s nonforfeitable accrued benefit ... exceeds $3,500.00, the plan may not immediately distribute an accrued benefit without participant con-sent_ The term “immediately distributed” means the distribution occurs prior to the later of normal retirement age or 62....
(Emphasis added).
Mr. Maples testified that he made one hundred percent of the contributions to the plan. He engaged Business Benefits Plan to handle the details. He funded the plan with one-year certificates of deposit with an early liquidation penalty. It was his practice not to pay benefits until the close of the fiscal year following the year of retirement. He did this in order to protect the benefits of the other participants in the plan, since cashing in the C.D.’s early incurred an interest penalty. He said, “I do not pay anybody out the pension plan until the following November 1 [the beginning of the next fiscal year].” He conceded that this policy was not written down, but he also stated that there was no provision for payment of the vested interest of a terminated employee prior to retirement age. He noted that he paid all other terminated employees in the same manner as he paid Mr. Eschete. When November 1st came, he sent Mr. Eschete’s attorney the necessary forms. He then sent the completed forms to Business Benefits Plan and, in turn, sent Mr. Eschete a check. He testified that he paid interest on the amount due from November 1, 1987, when the payment was due, until February 18, 1988, when he tendered the check to Mr. Eschete.
Mr. Eschete testified that he demanded his benefits sometime around Christmas of 1986.
We do not believe the judge was wrong in his application of the relevant law. In Fine v. Semet, 699 F.2d 1091 (C.A. 11th Cir.1983), the federal appellate court considered administrative discretion.
[T]his Court has held that such broad grants of discretion [in a plan] do not give trustees unbounded or absolute authority in administering employee welfare plans. Their actions will not be sustained if they are proven to have been arbitrary and capricious. Bayles v. Central States, Southeast and Southwest Areas Pension Fund, 602 F.2d 97 (5th Cir.1979)....
ERISA does not require a more stringent standard of review. It does not prohibit the broad grant of discretion provided by Sec. 5.03- [of the plan]. The Act imposes no obligation on a plan to pay benefits before an employee reaches normal retirement age. Any right to earlier benefits and a particular method of payment must be found in the individual agreements....
At 1093 (some citations omitted).
Mr. Maples was granted broad discretion by the plan documents, which he exercised in a manner that was neither arbitrary nor capricious but was, in fact, in the best interest of the plan participants as a whole. We affirm the decision in favor of Walter H. Maples, Inc. d/b/a Maples Sureway; Maples Sureway Employees Retirement Plan; and Walter H. Maples and against Mitchell J. Eschete, dismissing his suit for *567 penalties, interest, and costs. Mr. Eschete must pay the costs of this appeal.
AFFIRMED.