Thomas N. LEAVITT

v.

**BASF CORPORATION as Plan Administrator for the BASF Corporation Voluntary Group Accident Insurance Plan and the Voluntary Employee Beneficiary Association Committee of BASF Corporation.**

Civil Action No. G–95–631.

United States District Court,
S.D. Texas,
Galveston Division.

Nov. 25, 1996.

Jim D. Wiginton, Wiginton & Wood, Alvin, TX, for plaintiff.

Randy Edward Moore, Wommack Denman & Moore, Lake Jackson, TX, for defendants.

## ORDER

KENT, District Judge.

Plaintiff filed this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1), after Defendants denied Plaintiff disability benefits under a voluntary group accident insurance plan. Now before the Court are Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion for Summary Judgment. For the reasons set forth below, Plaintiff's Motion is **DENIED** and Defendants' Motion is **GRANTED**.

Plaintiff was an employee of BASF Corporation ("BASF") from 1962 until 1991 and was enrolled in a voluntary group accident insurance plan maintained by BASF and provided by John Hancock Mutual Life Insurance Company ("John Hancock"). The plan provided benefits to insureds who became totally and permanently disabled as a result of an accident if the disability commenced within 365 days of the injury and continued for twelve consecutive months. In December 1987, Plaintiff was involved in a minor car accident while in the course of his employment when another vehicle side-swiped his vehicle on the BASF grounds. Plaintiff did not file a workers' compensation claim regarding this accident, nor did he seek any medical attention as an immediate result of the accident.

In October 1991, Plaintiff retired from BASF, claiming he was permanently and totally disabled. In 1992, Plaintiff filed a claim with John Hancock for disability benefits under the voluntary group accident insurance plan claiming his disability was the result of the 1987 car accident. John Hancock initially was inclined to deny the claim because the policy required the total disability to arise within 365 days of the accident, whereas Plaintiff made his claim four years after the accident. This 365–day limitation, however, was not expressed in the employee brochure on benefits that Plaintiff was given. Rather, it was contained in the master policy between BASF and John Hancock. After being informed of this discrepancy, notified that it might constitute a violation of the Texas Deceptive Trade Practices Act, and sued [1] by Plaintiff, John Hancock reversed its position and decided to consider Plaintiff's claim even though the disability did not arise within 365 days of the accident. After reviewing all applicable documents and medical records, John Hancock denied Plaintiff's claim for benefits on the grounds that his disability was not the result of the 1987 accident but rather was the result of a longstanding musculoskeletal disorder.

Plaintiff appealed this denial of benefits to BASF, the Plan Administrator. BASF had established a Voluntary Employee Beneficiary Association ("VEBA") Committee to review and decide appeals of denied claims. Denise Childress, Manager of Benefits Regulatory Compliance and member of the VEBA Committee, obtained and reviewed the medical records that John Hancock had reviewed, in addition to records provided by Plaintiff. Additionally, Ms. Childress discussed Plaintiff's claim with Sharon Rogers, the Benefits Coordinator at the BASF plant where Plaintiff worked, who advised her that Plaintiff had made claims for medical benefits for back problems prior to the 1987 accident. As a result of her investigation and review of the records, Ms. Childress prepared a memorandum for the VEBA Committee, in which she listed documents for the Committee to review, outlined her findings, and recommended that Plaintiff's claim be denied on the grounds that his disability was not the result of the 1987 accident. The VEBA Committee met in September 1995 to review

---

1. Plaintiff's suit against John Hancock was dismissed pursuant to an agreement between the parties.

Plaintiff's appeal and denied his claim on the grounds that his disability was not the result of the car accident but rather was the result of a longstanding musculoskeletal disorder.

As a result of this denial, Plaintiff filed this suit ·pursuant to 29 U.S.C. § 1132(a)(1), which provides that a civil action may be brought by a participant or beneficiary of an employee benefit plan to recover benefits or enforce his rights under the terms of the plan. Plaintiff complains that BASF and the VEBA Committee unjustly denied his benefits and requests the Court to find him entitled to benefits under the voluntary group accident plan. Both parties moved for summary judgment on the issue of whether Plaintiff is entitled to recover disability benefits under the insurance plan.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Issues of material fact are genuine only if they require resolution by a trier of fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In other words, the Court must accept the evidence of the nonmoving party and draw all justifiable inferences in favor of that party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *see also* Fed.R.Civ.P. 56(c). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita,* 475 U.S. at 585–87, 106 S.Ct. at· 1355–56; *Wise v. E.I. DuPont De Nemours & Co.,* 58 F.3d 193, 195 (5th Cir.1995). To meet this burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing]

forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita,* 475 U.S. at 586–87, 106 S.Ct. at 1355–56 (quoting Fed.R.Civ.P. 56(e)). Summary judgment should be granted only if the evidence indicates that a reasonable fact-finder could not find in favor of the nonmoving party. *Anderson,* 477 U.S. at· 248, 106 S.Ct. at 2510; *see also Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

The material facts in this case are not in dispute. What is in dispute, however, is whether the final outcome of this dispute, the denial of Plaintiff's claim, was proper and correct. In defending their denial of benefits, Defendants put forth two main arguments. First, Defendants claim that Plaintiff is not entitled to benefits under the insurance plan because his total disability did not commence within 365 days of the automobile accident as required by the terms of the plan. Second, Defendants claim that they afforded Plaintiff a full and fair review despite the 365–day limitation and that their determination of his claim should be given deference. Plaintiff, on the other hand, claims either that Defendants waived their right to rely on the 365–day limitation because they considered his claim despite it or that the limitation is not enforceable against him because it was not expressed in the benefits information made available to him. Plaintiff further contends that the VEBA Committee unjustly denied his claim because it did not give his claim a full and fair review.

The Court is unimpressed and unpersuaded by the contention that Plaintiff's claim for benefits is barred because of the 365–day limitation. The Court finds Defendants' reliance on this limitation unsupportable because of its absence in the benefits brochure provided to BASF employees. The employee brochure states that the voluntary group accident plan provides that if a covered person is "totally and permanently disabled by an accident, a monthly payment of 1% of the amount of coverage less any amount paid as a ·result of the same accident will be made from this Plan after 12 months of continuous disability." (Employee Handbook, p. 9). The master policy between BASF and John Hancock, however, states:

When, as the result of injury *and commencing within 365 days of the date of the accident,* an Insured Person is totally and permanently disabled ..., the Insurance Company will pay, provided such disability has continued for a period of twelve (12) consecutive months and is total, continuous and permanent at the end of this period, a monthly income of 1% of the Insured's Principal sum less any amount paid or payable under the policy as the result of the same accident, throughout continuance of total disability, for a maximum of 100 months. (Master Policy, p. 7) (emphasis added).

A comparison of the two provisions clearly shows that the 365–day limitation is not expressed in the employee handbook but is a requirement for recovery under the master policy. When notified by Plaintiff of this discrepancy, John Hancock responded that the employee brochure was "an overview of what is contained in the actual Master Group Policy" and would not contain "specific policy language." (August 4, 1992 Letter from Mary Shea to Jim Wiginton).

■ The Court realizes that an employee benefits brochure cannot contain every nuance of an insurance policy but nonetheless feels that a limitation such as the one at issue here should be expressed in some form in the information made available to employees. If employers and insurance providers are going to place such firm limitations on claims for benefits, they need to explicitly set them out in the employee material. Under any applicable theory, BASF and John Hancock are not allowed to have a "secret" master agreement between them that limits claims, while information provided to employees contain no such limitations. The Court admonishes BASF and John Hancock that they either need to remove this 365–day limitation from their master policy or explicitly set it out in their employee brochure. The Court is unimpressed with Defendants' attempt to rely on this limitation as a defense when it appears that this limitation was part of some kind of hoodwinking of employees in that they were promised terrific disability benefits only to later find out there were unspoken limitations on them. Therefore, the Court rejects Defendants' claim that Plaintiff is barred from recovery of benefits because his total disability did not commence within 365 days of his accidental injury.

Having decided that Plaintiff's claim for disability benefits is not barred by the 365–day limitation, the only remaining issue to decide is whether Defendants properly denied Plaintiff's claim. ERISA provides that a participant in an employee benefit plan whose claim has been denied shall be afforded a "full and fair review" of the decision denying the claim. 29 U.S.C. § 1133(2). Plaintiff contends that he was not afforded a full and fair review by the VEBA Committee because the Committee did not review all applicable documents and medical records. Rather, Plaintiff contends that the VEBA Committee reviewed only a handful of documents and essentially relied on John Hancock's decision to deny his claim. Plaintiff requests that the Court declare this review to be improper and find him entitled to his claimed benefits.

■ While the Court is sympathetic to Plaintiff's claim and recognizes the agony that a back injury can cause, the Court is limited in what it can do in reviewing an ERISA plan administrator's decision to deny benefits. In reviewing factual determinations by ERISA plan administrators, the Court is limited by an abuse of discretion standard of review under which "federal courts owe due deference to an administrator's factual conclusions that reflect a reasonable and impartial judgment." *Pierre v. Connecticut Gen. Life Ins. Co./Life Ins. Co. of N. Am.,* 932 F.2d 1552, 1562 (5th Cir.), *cert. denied,* 502 U.S. 973, 112 S.Ct. 453, 116 L.Ed.2d 470 (1991). The issue of causation of Plaintiff's disability is a factual determination, and the Court cannot say as a matter of law that the VEBA Committee abused its discretion in denying Plaintiff's claim on the basis that his disability was not the result of the 1987 car accident. Plaintiff suggests there may have been improprieties in the review of his claim, but there is evidence in the record indicating that at least one member of the Committee reviewed all the applicable documents and medical records that were reviewed by John Hancock, conducted

**492**

her own investigation, and made a recommendation to the Committee based on her findings and John Hancock's prior similar findings.

In cases such as this, the Court expects good faith, conscientious examinations of available records but acknowledges that employers are business people, not doctors. The Court does not expect every member of the VEBA Committee to read and interpret every medical record presented to them. Insurance companies, such as John Hancock, acquire expertise in examining and evaluating disability claims, and it is not unreasonable for a reviewing body to rely on the groundwork of an insurance company in evaluating a claim. This Court could remand Plaintiff's claim back to the VEBA Committee for another review, but the Court cannot say as a matter of law that the Committee's decision was arbitrary and capricious. There is no need to make the Committee jump through the hoops again when this Court cannot say that a reasonable person would find any differently upon a second review. Accordingly, the Court finds that Defendants did not abuse their discretion in denying Plaintiff's claim for disability benefits.

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment is **DENIED,** and Defendants' Motion for Summary Judgment is **GRANTED.** Accordingly, each and every claim asserted by Plaintiff against Defendants is hereby **DISMISSED WITH PREJUDICE.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file nothing further on these issues in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

### *FINAL JUDGMENT*

For the reasons set forth in the Order issued by the Court this date, Plaintiff's Motion for Partial Summary Judgment is **DENIED,** and Defendants' Motion for Summary

Judgment is **GRANTED.** Each and every claim asserted by Plaintiff against Defendant is hereby **DISMISSED WITH PREJUDICE.** Each party is **ORDERED** to bear its own taxable costs and expenses incurred herein to date.

**THIS IS A FINAL JUDGMENT.**

**IT IS SO ORDERED.**