**Alma S. HALEY Plaintiff**

v.

**METROPOLITAN LIFE INSURANCE COMPANY Defendant**

**No. CIV.A. 300CV127WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 28, 2001.

E. Michael Marks, E. Michael Marks, Attorney, John Hunter Stevens, Grenfell, Sledge & Stevens, Jackson, for Alma S. Haley, plaintiffs.

Steven H. Begley, Wells, Marble & Hurst, Jackson, for Metropolitan Life Insurance Company, defendants.

## ORDER GRANTING SUMMARY JUDGMENT

WINGATE, District Judge.

Before the court is the motion of the defendant Metropolitan Life Insurance Company for summary judgment filed pursuant to Rule 56(b) [1] of the Federal Rules of Civil Procedure. The plaintiff Alma S. Haley filed this lawsuit in state court to recover contractual, extra-contractual and punitive damages based on the defendant's denial of her claim for long-term disability benefits under an Allstate Insurance Company Group Long Term Disability Plan (the "group plan"). The group plan itself was insured (or reinsured) by the defendant. The defendant is also the administrator of the group plan with discretionary authority to determine an employee's entitlement to benefits under the group plan.

The defendant asks this court to find that this cause of action is governed by the Employee Retirement Income Security Act ("ERISA"), Title 29 U.S.C. § 1001 et seq. Since Title 29 U.S.C. § 1144(a) is a preemption clause, stating that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan," should this court be persuaded that ERISA here applies, the court necessarily must dismiss all of plaintiff's state law claims, a second finding requested by defendant. The defendant then asks this court to find that it acted reasonably and properly in denying the plaintiff's application for long term benefits, to deny the plaintiff's motion for

---

1. Rule 56(b) provides that, "[a] party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

partial summary judgment asking this court to declare the plaintiff to be entitled to twenty-four months of disability benefits, and to grant the defendant's motion for summary judgment dismissing the plaintiff's claims.

### PERTINENT FACTS

The plaintiff is a former employee of Allstate Insurance Company whose last place of employment with Allstate was Jackson, Mississippi, as a Senior Alstar Specialist in June of 1996. The plaintiff was hospitalized for one week in August of 1996, and diagnosed to be suffering with major depression. On May 27, 1997, the plaintiff submitted a Statement of Claim for Long Term Disability Benefits under the aforesaid group plan, contending that she suffered from "major depression" and "anxiety reaction" which were work-related.

The plaintiff's claim described her job activities with Allstate as answering the phone, assisting agents with processing applications and endorsements on their computers, answering the questions of insureds about their coverage, and completing at least 53 calls per day. At the time of her claim, the plaintiff was 51 years old.

The plaintiff's treating physician, Dr. Mario Pineda, diagnosed the plaintiff to be suffering from major depression and anxiety reaction, noting that her course of treatment would be psychotherapy. Dr. Pineda also noted that the plaintiff had a history of severe stress at work, opining that she was disabled from any occupation and not a suitable candidate for rehabilitation. Dr. Pineda stated that the conditions for which he was treating the plaintiff were work-related.

The defendant, as the claims review fiduciary and administrator of the group plan, received the plaintiff's claim and asked her to complete a Personal Profile Evaluation (referred to by the defendant as a "PPE"). The defendant also asked Dr. Pineda to complete a questionnaire and return it to the defendant with his office notes pertaining to the plaintiff. The plaintiff provided the defendant with a hospital discharge summary stating that the plaintiff was admitted in August of 1996, and found to be suffering with a major depressive disorder, single episode, and anxiety disorder.

In the questionnaire completed by Dr. Pineda, he stated that the plaintiff was able to take care of herself and provide for her daily needs. Dr. Pineda stated that the plaintiff shopped and took care of her household, and that she was able to relate well with others when she was not working. Dr. Pineda described the plaintiff as being in total contact with reality and suffering no significant symptoms, expressing her ideas and future plans in a clear and coherent manner. Nevertheless, Dr. Pineda found the plaintiff to be totally disabled, and unable to work in her previous capacity, notwithstanding his positive evaluation of her orientation, memory, abstract thinking and judgment.

The defendant's claim representative and registered nurse consultant performed the initial review of the plaintiff's claim for long term disability benefits. Under the terms of the group plan, the defendant had full discretionary authority to interpret the terms of the group plan and to determine eligibility. The defendant's claim representative informed the plaintiff of the defendant's initial denial of her claim. In a letter dated August 11, 1997, the claim representative noted that long term disability under the group plan was defined as follows:

> Total Disability means that due to Sickness or Injury, you are unable to perform the material duties of your occupation with your employer during the Waiting Period (of 140 days) and during the next 24 months....

Based on the medical documentation, it has been determined that you were disabled for six weeks following your hospitalization. After this time, it appears you were stabilized on your medication. You were functioning well in activities at daily living and had no memory of communication problems. . . .

Since the 140 day waiting period expired on November 17, 1996, there are no benefits payable on this claim.

The plaintiff requested review of her claim and the defendant asked her to submit additional documentation including her doctor's office notes after March 26, 1997, plus any test results, treatment plan, a return to work date and any hospitalization report. Paul Gado, Senior Case Management Specialist for the defendant, received only the discharge summary stating that the plaintiff had been hospitalized for a week in August of 1996. Based on the record before him, Gado informed the plaintiff that the decision to deny her claim for long term total disability would stand. Plaintiff again requested review of the decision.

The defendant enlisted the service of its psychiatric consultant, Dr. Earnest Gosline, who requested and received from the plaintiff's physician a new PPE and a let-ter stating that the plaintiff was still under care and treatment, but that her return to work date was July 1, 1998. This date stated by Dr. Pineda established that the plaintiff would be able to return to work before the full 24 months plus 140 days had passed. This length of time is defined by the group plan as the necessary time period one must be unable to return to work in order to meet the definition of long term total disability. Dr. Gosline determined from the new PPE that the plaintiff was able to function well at home and perform the activities of daily living and could return to work. Thus, the plaintiff's claim for long term disability benefits under the group plan was denied.

The plaintiff filed this lawsuit in the Circuit Court for the First Judicial District of Hinds County, Mississippi. The defendant timely removed the case to this court pursuant to Title 28 U.S.C. § 1441(a) and (b),[2] asserting that this court had both diversity and federal question jurisdiction over this matter pursuant to Title 28 U.S.C. §§ 1331 and 1332.[3]

### ANALYSIS

### A. The Plaintiff's State Law Claims are Preempted by ERISA

■ In enacting ERISA, Congress broadly preempted state law, including all

---

**2.** Title 28 U.S.C. § 1441(a) provides that, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." Title 28 U.S.C. § 1441(b) states as follows: Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

**3.** Title 28 U.S.C. § 1331 provides that, "[t]he district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides in pertinent part that, " [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States; . . ."

laws, decisions, rules, regulations, and other state acts having the effect of law. *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 2191, 100 L.Ed.2d 836 (1988); *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Congress intended for the federal district courts hearing cases involving employee benefit or ERISA plans to fashion a federal common law governing employee benefit plans. *In re HECI Exploration Company*, 862 F.2d 513, 523 & n. 18 (5th Cir. 1988).

There are two types of employee benefit, or ERISA, plans: "employee welfare benefit plans" and "employee pension benefit plans." Title 29 U.S.C. § 1002(3). A welfare benefit plan is "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." Title 28 U.S.C. § 1002(1).

■ This court concludes that the group plan in the instant case is an employee welfare benefit plan governed by ERISA. Two inquiries guide this court's determination, (1) whether the plan is excluded from ERISA by Department of Labor regulations and (2), whether the plan is established or maintained by an employer with the purpose of providing benefits to its employees. *Hansen v. Continental Insurance Company*, 940 F.2d 971, 976–78 (5th Cir.1991). This court finds nothing to suggest that the group plan in question is excluded from ERISA preemption by the Department of Labor. Otherwise, this court finds that the group plan has all the

characteristics of a welfare benefits governed by federal law. There are five prerequisites for an ERISA welfare benefit plan: (1) a plan, fund, or program (2) established or maintained (3) by an employer (4) for the purpose of providing medical benefits (5) to participants or their beneficiaries. *MDPhysicians & Associates, Inc. v. State Board of Insurers*, 957 F.2d 178, 183 (5th Cir.1992), citing *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir.1982). This court finds that all five prerequisites are present in the instant case.

■ ERISA by its terms expressly "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." Title 29 U.S.C. § 1144(a). "A state law 'relates to' an employee benefit plan 'if it has a connection with or reference to such plan.'" *Rozzell v. Security Services, Inc.*, 38 F.3d 819, 821 (5th Cir.1994) (quoting *Shaw v. Delta Air Lines*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)). Thus, ERISA preempts a state law claim "if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Hubbard v. Blue Cross & Blue Shield Association*, 42 F.3d 942, 945 (5th Cir.1995).

In the instant case, the plaintiff seeks contractual damages, extra-contractual damages and punitive damages under state law based on the defendant's failure to pay long term disability benefits under the group plan. However, the plaintiff's entire lawsuit is based on an area of exclusive federal concern, the right to receive benefits under the terms of an ERISA plan. *See Smith v. Texas Children's Hospital*, 84

F.3d 152, 154–55 (5th Cir.1996) (case law teaches that a state-law claim by an ERISA plan participant against her employer is preempted when based upon a denial of benefits under the defendant's ERISA plan); *Perdue v. Burger King Corporation,* 7 F.3d 1251, 1255–56 (5th Cir. 1993); *Christopher v. Mobil Oil Corporation,* 950 F.2d 1209, 1217–20 (5th Cir.1992); and *Cefalu v. B.F. Goodrich Company,* 871 F.2d 1290, 1292–97 (5th Cir.1989). Furthermore, the plaintiff's claims in the instant case directly affect the relationship between traditional ERISA entities such as the employer (Allstate), the plan and its fiduciaries (Metropolitan Life), and the participants and beneficiaries (the plaintiff is both a participant and a beneficiary). *See* 29 C.F.R. § 2510.3–3(b) (2001). Because the plaintiff's claims directly affect the relationship between traditional ERISA entities, the second element of preemption is met. *Hollis v. Provident Life and Acc. Ins. Co.,* 259 F.3d 410, 414 (5th Cir.2001). Thus, all of the plaintiff's state law claims are preempted by ERISA.

## B. Did the Defendant Act Reasonably and Properly?

■ In the Fifth Circuit, the proper standard for district court review of a plan administrator's benefit determination is governed by the Supreme Court's decision in *Firestone Tire and Rubber Company v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), and the Fifth Circuit's decision in *Pierre v. Connecticut General Life Insurance Co.,* 932 F.2d 1552 (5th Cir.), *cert. denied,* 502 U.S. 973, 112 S.Ct. 453, 116 L.Ed.2d 470 (1991). In *Bruch,* the Court held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.,* 489 U.S. at 115, 109 S.Ct. at 956–57. In *Pierre,* the Fifth Circuit held "that for factual determinations under ERISA plans, the abuse of discretion standard of review is the appropriate standard." 932 F.2d at 1562. Consequently, district courts in the Fifth Circuit review under an abuse of discretion standard a plan administrator's factual determinations and determinations made pursuant to a plan that gives the administrator discretionary authority to determine eligibility or interpret the terms of the plan. *Sweatman v. Commercial Union Insurance Company,* 39 F.3d 594, 597–98 (5th Cir.1994).

ERISA § 502 is the statute's civil enforcement mechanism that applies to the instant case. That section, in pertinent part, as set forth at Title 29 U.S.C. § 1132(a)(1)(B), § 1132(a)(3), and § 1132(e), provides that "civil action may be brought—(1) by a participant or beneficiary(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations of (ii) to enforce any provisions of this subchapter or the terms of the plan." *See Heimann v. National Elevator Industry Pension Fund,* 187 F.3d 493, 503 (5th Cir. 1999).

■ A claimant under § 1132(a)(1)(B) has the initial burden of demonstrating entitlement to benefits under an ERISA plan, or that a denial of benefits under an ERISA plan is arbitrary and capricious. *Perdue v. Burger King,* 7 F.3d at 1254. The Fifth Circuit employs a two-step analysis for determining whether a plan administrator abused its discretion in denying a participant plan benefits. *Spacek v. Maritime Assoc., I L A Pension Plan,* 134

F.3d 283, 292–93 (5th Cir.1998) (citing *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 637 (5th Cir.1992)). A court first determines the legally correct interpretation of the plan, and whether the administrator's interpretation accords with the proper legal interpretation. *Spacek*, 134 F.3d at 292. If the administrator's construction is legally sound, then no abuse of discretion occurred and the inquiry ends. *Id.* But if the court concludes that the administrator has not given the plan the legally correct interpretation, the court must then determine whether the administrator's interpretation constitutes an abuse of discretion. *Id.* at 293; and *Rhorer v. Raytheon Engineers and Constructors, Inc.*, 181 F.3d 634, 639–40 (5th Cir.1999).

■ This court concludes that the defendant's interpretation of the group plan in the instant case was legally correct. The defendant found that the plaintiff did not fall within the plan's definition of one with a long term disability. Finding no other evidence in the record which would support a claim for long term disability benefits, the defendant denied the plaintiff's claim. This court, therefore, finds the defendant's actions in the instant case were reasonable and not an abuse of discretion.

### CONCLUSION

Inasmuch as this court finds that the plaintiff's state law claims in her complaint are preempted by ERISA, and that Metropolitan Life Insurance Company's denial of long term disability benefits claimed by the plaintiff was reasonable under the circumstances and did not constitute an abuse of discretion, the motion of Metropolitan Life Insurance Company for summary judgment is granted and the plaintiff's complaint is dismissed. The plaintiff's motion for partial summary judgment is denied. The court will enter a separate judgment in accordance with the local rules.