United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-60208

Summary Calendar

_____

DAWN BROWN

Plaintiff - Appellant

v.

PFL LIFE INSURANCE CO

Defendant - Appellee

_____

Appeal from the United States District Court
for the Northern District of Mississippi, Aberdeen
No. 1:02-CV-212

_____

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit
Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Dawn Brown ("Brown"), is the designated

beneficiary of an accidental death insurance policy under which

her father, Terry Gilmer ("Gilmer"), was the insured.  The plan

_____

[*]        Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

administrator concluded that Gilmer did not die as a result of an accident as defined in the policy and thus, denied Brown's claim for benefits under the policy.  Brown appeals the district court's holding that the plan administrator did not abuse its discretion in denying her the benefits.  For the following reasons, we AFFIRM the judgment of the district court.

## I. Background

Gilmer was an employee of Nolen Sistrunk, Inc. ("Sistrunk"), a Mississippi trucking company.  At the beginning of his employment, Gilmer accepted an accidental death insurance policy offered by Sistrunk.  PFL Life Insurance Company ("PFL") administered and financed the policy.  Gilmer designated his daughter, Brown, as the policy's beneficiary.  She would receive $1,000 per month, for life, guaranteed for twenty years, upon proof that the insured's death resulted directly from an accident.

On June 22, 1999, Gilmer died following a traffic accident. The accident occurred while he was driving his employer's truck east on Interstate 20 in Louisiana.  According to witnesses, Gilmer's truck swerved and crashed into the back of another truck.  The police report stated that at the time of the accident the road conditions were good, the weather was clear, and there were no visual obscurities.  In addition, the truck Gilmer was driving, as well as the other truck, had no known defects.

Brown timely submitted a claim to PFL under the accidental death insurance policy.  PFL denied Brown's claim after an investigation in which it concluded that Gilmer's death did not fall within the terms of the policy.  PFL found that Gilmer suffered a cardiac event while he was driving and that caused the collision.  PFL therefore concluded that Gilmer's heart attack contributed to his death and thus, that his death was not the result of an accident as defined in the policy.

Brown subsequently brought an action against PFL asserting a claim for bad faith denial of benefits in the Circuit Court of Attala County, Mississippi.  PFL removed the case to the United States District Court for the Northern District of Mississippi.  After a non-jury trial, the district court entered judgment for PFL holding that PFL's decision to deny the accidental death benefits was not an abuse of discretion because, inter alia, its decision was neither arbitrary nor capricious.

## II. Discussion

### A. Standard of Review

The Employee Retirement Income Security Act provides the district courts with the authority to review a plan administrator's denial of plan benefits.  29 U.S.C. § 1132(a)(1)(B) (2004).  The district court reviews a plan administrator's factual determinations for an abuse of discretion when it has denied benefits under a plan.  Vercher v. Alexander &

Alexander, Inc., 379 F.3d 222, 226 (5th Cir. 2004) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989)); Pierre v. Connecticut Gen. Life Ins., 932 F.2d 1552 (5th Cir. 1991), cert. denied, 502 U.S. 973 (1991)). In applying the abuse of discretion standard, the district court analyzes whether the plan administrator acted arbitrarily or capriciously. Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich., 97 F.3d 822, 829 (5th Cir. 1996). A plan administrator's decision is deemed arbitrary if it is made "without a rational connection between the known facts and the decision or between the found facts and the evidence." Lain v. Unum Life Ins. of Am., 279 F.3d 337, 342 (5th Cir. 2002) (quoting Bellaire Gen. Hosp., 97 F.3d at 828). An administrator's decision must be based on evidence, even if disputable, that clearly supports the basis for denial, and there must be some concrete evidence in the record to support the plan administrator's decision. Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 299 (5th Cir. 1999). The district court, in reviewing the plan administrator's decision, can only consider the evidence that was before the plan administrator. Id.

We in turn review de novo the district court's legal conclusion that the plan administrator abused its discretion. Hammack v. Baroid Corp., 142 F.3d 266, 270 (5th Cir. 1998) (citing Sunbeam-Oster Co. Group Benefits Plan v. Whitehurst, 102 F.3d 1368, 1373 (5th Cir. 1996)).

**B. Analysis**

We first examine the terms of the accidental death insurance policy.  The relevant terms of the policy provide that the benefits would be payable upon proof that the "insured's death resulted directly from accidental bodily injury and independently of disease or bodily infirmity or any other cause."  The terms of the policy further provide that the benefits would not "be payable if death results, directly or indirectly . . . or is contributed to, wholly or in part, by . . . disease or medical or surgical treatment of disease . . . ."

We now turn to the relevant evidence before PFL, which consisted of Gilmer's death certificate, an autopsy report, the statements of the doctor who performed the autopsy, Gilmer's medical records, the police report, and the investigating officer's statements.  The death certificate provided that acute and ongoing myocardial infarction, i.e, a heart attack, was a significant cause of Gilmer's death.  The autopsy report provided that Gilmer's death "was due to multiple traumatic injuries" and that "[t]here was no evidence of recent abuse of ethanol or other common drugs."  The autopsy report also stated that Gilmer "had ongoing myocardial infarction, with recent thrombosis of the left coronary artery" that "may have caused the accident."  Upon questioning, the doctor who performed the autopsy, Dr. Young, stated that Gilmer was having a heart attack for some time.  Dr.

Young, however, maintained only that the heart attack "may have caused" the accident.

Gilmer's medical records revealed that he suffered from high blood pressure, which was poorly controlled, complained of shortness of breath and dizziness, and was a smoker. Moreover, as previously discussed, the police report indicated that the weather and road conditions were good when Gilmer's truck swerved and hit the other truck. Further, the accident investigator, after referring to the autopsy report, attributed the accident to the fact that Gilmer was suffering a cardiac event, or, less likely, fell asleep at the wheel.

Brown's argues on appeal that PFL could deny the benefits only if the heart attack was the probable cause of Gilmer's death. This argument is unavailing. Under the abuse of the discretion standard, PFL's decision need only evince a "rational connection between the known facts and the decision." Lain, 279 F.3d at 342 (quoting Bellaire Gen. Hosp., 97 F.3d at 828). Considering all the evidence before PFL, it could have rationally concluded that Gilmer's heart attack contributed to his death. Specifically, the undisputed evidence shows that Gilmer's health was poor, that he was having a heart attack while he was driving, that nothing about the road conditions or the weather could be said to have contributed to the accident, and that in the opinion of two experienced professionals--Dr. Young and the investigator-

-the heart attack may have caused the accident.  A rational conclusion from this evidence is that Gilmer was suffering a heart attack that impaired his ability to drive and caused him to swerve into the other truck.  As such, PFL's conclusion was not arbitrary or capricious, and PFL had a sound basis for denying Brown's claim for benefits under the terms of the policy.

### III. Conclusion

For the foregoing reasons, we agree with the district court that PFL did not abuse its discretion when it denied Brown the benefits under the accidental death insurance policy.  We therefore AFFIRM the judgment of the district court.