United States Court of Appeals,

Fifth Circuit.

No. 94-60490.

Gene A. WISE, et al, Plaintiffs,

v.

E.I. DuPONT DE NEMOURS AND CO., Defendant,

E.I. DuPONT DE NEMOURS AND CO., Defendant-Third-Party Plaintiff-Appellant,

v.

BROWN & ROOT U.S.A., INC., Third-Party Defendant-Appellee.

July 18, 1995.

Appeal from the United States District Court for the Southern District of Mississippi.

Before REYNALDO G. GARZA, HIGGINBOTHAM and PARKER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

This appeal is before us on summary judgment. The sole issue on appeal involves the interpretation of an indemnity clause in a contract between E.I. DuPont de Nemours & Company and Brown & Root U.S.A., Inc. For the reasons discussed below we affirm the district court's judgment.

Facts

On May 26, 1988 Brown & Root U.S.A., Inc. (Brown & Root) entered into a contract with E.I. DuPont de Nemours & Company (DuPont) to provide "ON-SITE CONTRACTING SERVICES" at DuPont's De Lisle, Mississippi plant. Section 16 of the General Conditions of the contract provides that Brown & Root shall indemnify DuPont for various expenses under certain conditions. Section 16 provides in relevant part the following:

> 16. INDEMNIFICATION.—Contractor shall indemnify DuPont for all loss and expense incurred by DuPont resulting from any act or omission, negligent or otherwise, by DuPont or Contractor or Contractor's agents, subcontractor, or assigns in performance under the Agreement. This indemnity shall not apply where the sole cause of the loss or expense is the willful misconduct or negligence of DuPont.
>
> The loss or expense covered by this indemnity includes settlements, judgments, court costs, attorneys' fees and other litigation expenses incurred by DuPont arising out of (1) injury or death of any person, including employees of Contractor or DuPont, or (2) loss of or damage to property, including property of Contractor or DuPont, or (3) damage to the

environment.

On March 30, 1989, Brown & Root hired Gene A. Wise (Wise) to work in the packing area of the De Lisle facility. On June 23, 1989, Wise was injured while operating an industrial manipulator arm at the facility. Wise filed suit against several defendants, including DuPont, and filed a workers' compensation claim against Brown & Root. Wise claimed, *inter alia,* that DuPont failed to exercise reasonable care in selecting, installing, and providing instruction as to the use of the industrial manipulator arm.

DuPont brought a third-party claim against Brown & Root seeking indemnification under the contract for the costs of defending against the claim. DuPont moved for summary judgment on Wise's claim based on his status as a "borrowed servant," claiming that Wise was barred from suing DuPont under Miss.Code Ann. § 71-3-9, Mississippi's worker's compensation law. Brown & Root joined in this motion and filed two other motions for summary judgment. In the first motion, Brown & Root argued that the indemnity clause did not apply under these circumstances. In the second motion, Brown & Root argued that if the indemnity clause did apply, it was void and unenforceable under Miss.Code Ann. § 31-5-41. The district court granted DuPont's motion for summary judgment on Wise's claim. Subsequently, the district court granted Brown & Root's motion for summary judgment, holding that the contract did not require Brown & Root to indemnify DuPont. With one exception,[1] the other defendants settled the underlying claim with the plaintiff, and on July 18, 1994 the district court entered final judgment dismissing the case. This appeal ensued.

## Discussion

This Court reviews a grant of summary judgment *de novo* by evaluating the district court's decision using the same standards that guided the district court.[2] We review the evidence and inferences in the light most favorable to the non-movant.[3] "Summary judgment will not lie if the

---

[1] The district court entered a default judgment in the amount of $850,000.00 against Lenape Industrial Company, Inc.

[2] *Walker v. Sears, Roebuck & Co.,* 853 F.2d 355, 358 (5th Cir.1988).

[3] *McGregor v. Louisiana State Univ. Bd. of Supervisors,* 3 F.3d 850, 855 (5th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 1103, 127 L.Ed.2d 415 (1994).

dispute about a material fact is "genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

The party moving for summary judgment bears the initial burden of showing the absence of a genuine issue of material fact.[5] Once the burden of the moving party is discharged, the burden shifts to the nonmoving party to show, by either referring to evidentiary material in the record or by submitting additional evidentiary documents, that genuine issues of material fact remain to be resolved.[6] We will affirm the grant of summary judgment only if there exists no genuine issue of material fact and the movant was entitled to judgment as a matter of law.[7]

The district court granted summary judgment in favor of Brown & Root; the court's reasoning is provided below.

> The Court finds the provision to be clear and unambiguous. Pertinent to the present analysis, the first clause identifies the persons or entities whose actions or omissions can trigger the application of the indemnity clause. The second provides that as between DuPont and such persons or entities, if the "sole cause of the loss or expense is the willful misconduct or negligence" of DuPont, then there is no indemnity.
>
> An examination of the first clause reveals that Brown and Root's motion is meritorious. There has been absolutely no evidence presented that Brown and Root or any of its "agents, subcontractors, or assigns" have by act or omission caused any loss or expense to be borne by DuPont. The Court notes that of the other parties to this action, none can be considered to be Brown and Root's "agents, subcontractors, or assigns". Put differently, there has been presented no evidence of an act or omission by a person or entity identified in the first clause sufficient to trigger the application of the indemnity provision.

Although we agree with the grant of summary judgment, we disagree, in part, with the district court's reasoning. The first rule of contract interpretation[8] is that the court give effect to the intent of the

---

[4]*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

[5]*Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).

[6]*Id.*

[7]*Id.*

[8]The contract provides: "The validity and interpretation of the Agreement shall be governed by the laws of the State of Delaware, USA." The district court failed to interpret the contract under this governing law and instead applied Mississippi law to the interpretation of the indemnity clause. However, DuPont did not raise this issue in the court below; nor does DuPont complain now of the district court's error. Both parties agree that Mississippi and Delaware indemnity law

parties.[9]  In this particular contract, the intent of the parties may be ascertained from the language found within the four corners of the contract.[10]  On this point we agree with the district court;  the indemnity clause is clear and unambiguous.  The first clause sets out the triggering conditions of indemnity coverage.  "Contractor shall indemnify DuPont for all loss and expense incurred by DuPont resulting from any act or omission, negligent or otherwise, by DuPont or Contractor."  DuPont bears the burden of ultimately establishing that a loss occurred attributable to some act or omission by either DuPont or Brown & Root.[11]  The second clause provides that "indemnity shall not apply where the sole cause of the loss or expense is the willful misconduct or negligence of DuPont."  Brown & Root, the party seeking the benefit of this exclusionary clause, bears the burden of ultimately establishing that the sole cause of the loss is the willful misconduct or negligence of DuPont.

In determining whether the first clause was triggered, the district court erred by placing the burden on DuPont to bring forth evidence of some act or omission attributable to Brown & Root. This construction is not consistent with the language of the contract.  DuPont must show that (1) a loss occurred, and (2) the loss resulted from an act or omission by DuPont *or* Brown & Root.  "Loss" is a defined term in the contract.  "[L]oss ... includes settlements, judgments, court costs, attorneys'

---

are substantively identical.  Because the issue was never raised, and accordingly waived, we will apply Mississippi law in interpreting this clause.

[9]*Simmons v. Bank of Mississippi,* 593 So.2d 40, 42 (Miss.1992);  *Lamb Constr. Co. v. Town of Renova,* 573 So.2d 1378, 1383 (Miss.1990).

[10]*See e.g., Pfisterer v. Noble,* 320 So.2d 383, 384 (Miss.1975) ("In construing a written instrument, the task of the courts is to ascertain the intent of the parties from the four corners of the instrument.").

[11]DuPont contends the district court erred by construing the language of the contract too narrowly in holding that the indemnity clause only applies upon a finding that an act or omission occurred.  Instead, DuPont argues, allegations of an act or omission are sufficient to trigger the indemnity clause if the underlying claim is not adjudicated due to settlement or dismissal.  In *Keys v. Rehabilitation Ctrs., Inc.,* 574 So.2d 579 (Miss.1990), the Mississippi Supreme Court addressed a similar argument.  The court stated that indemnifying parties have no right to insist that their indemnitee endure the hazards of trial by jury as a condition for enforcing the indemnity agreement.  The indemnitee is entitled to use its own good judgment and effect a settlement, *provided* that when proceeding to enforce the indemnitee agreement that it *prove* that it was liable to the plaintiff.  Similarly, DuPont may effect a settlement or a dismissal prior to adjudication of the claim without losing its contractual right to be indemnified, *provided* that when proceeding to enforce the contract DuPont can *prove* that it satisfies the conditions of the indemnity provision.

fees and other litigation expenses incurred by DuPont arising out of ... injury ... of any person, including employees of Contractor or DuPont."  Wise, an employee of Brown & Root and a borrowed servant of DuPont, suffered an injury while operating an industrial manipulator arm.  Wise filed suit against DuPont.  DuPont incurred certain expenses defending against this claim.  These expenses fall squarely within the definition of loss.[12]

The second element DuPont must establish under the triggering clause is an act or omission, negligent or otherwise, by DuPont *or* Brown & Root that gave rise to the loss.  The district court required DuPont to establish that Brown & Root contributed to the loss in order to trigger the first sentence.  This construction is inconsistent with the plain language of the triggering clause;  the first clause may also be triggered by an act or omission by DuPont.  Unfortunately, because the trial court misapplied the burdens of proof, a review of the record does not reveal whether or not DuPont can satisfy its burden, that is, whether it can bring evidence of an act or omission attributable to either party.  Nevertheless, the district court correctly granted Brown & Root's motion for summary judgment.

The second sentence of the indemnity clause, the exclusion, limits the indemnity agreement.  "[I]ndemnity shall not apply where the sole cause of the loss or expense is the willful misconduct or negligence of DuPont."  The party moving for summary judgment bears the initial burden of showing the absence of a genuine issue of material fact.  Accordingly, as the party seeking the benefit of the exclusion and as the party moving for summary judgment, Brown & Root bears the burden of showing that the sole cause of the loss was the willful misconduct or negligence of DuPont.  Once Brown & Root discharges its burden of showing the absence of a genuine issue of material fact on this issue, the burden shifts to DuPont to show, either by referring to evidentiary material in the record or by submitting additional evidentiary documents, that genuine issues of material fact remain

_____

[12]DuPont argues that the paragraph defining loss indicates that Brown & Root shall indemnify DuPont for attorney fees regardless of whether an ultimate finding of an act or omission is made. This interpretation runs afoul of the indemnity language.  The contract provides that Brown & Root shall indemnify DuPont for any loss, including attorney fees and court costs, arising from an act or omission.  Showing a loss is only the first step under the contract. *See Blain v. Sam Finley, Inc.,* 226 So.2d 742, 745 (Miss.1969) (stating that the extent to which an indemnitee is entitled to recover attorney fees and costs depends upon the terms of the contract).

to be resolved.

Brown & Root put on a great deal of summary judgment evidence showing that Wise was a borrowed servant of DuPont, and was, virtually at all times, within the control of DuPont. In fact, Brown & Root elicited deposition testimony that no act or omission attributable to Brown & Root could have caused or contributed to the accident. At first glance it appears that Brown & Root has not satisfied its burden of showing that the sole cause of the loss or expense is the willful misconduct or negligence of DuPont. Under normal circumstances proving that one party could not have caused or contributed to the loss does not indicate that another party was the sole cause of the loss. However, the indemnity provision is limited to a loss resulting from an act or omission by DuPont *or* Brown & Root; indemnity is triggered only if one of the parties by act or omission caused the loss. If Brown & Root can establish that it did not by act or omission cause the loss then, as between the two parties, the sole cause of the loss must rest with DuPont (assuming arguendo that DuPont can trigger the first clause).

After reviewing the record, we find that Brown & Root has met its initial burden of showing the absence of a genuine issue of material fact. There is no evidence that Brown & Root contributed to the accident; at all times, Wise was under the control of a DuPont supervisor, on DuPont's property, using DuPont equipment. DuPont has failed to direct our attention to any summary judgment evidence sufficient to raise a genuine issue of material fact on this issue. DuPont attached to its motion of summary judgment the contract and its amendments, Brown & Root's invoices, the affidavit and deposition of Michael P. Lahuta, and the depositions of David W. Aument, Glenda Collums, J.O. Funderburk, Jr., and Gene A. Wise. The depositions are quite similar; most of DuPont's deponents acknowledged that Brown & Root supplied supplemental labor to DuPont and the labor was "controlled by a DuPont supervisor." In fact J.O. Funderburk, Jr. stated that Gene A. Wise was performing whatever tasks DuPont desired, and was injured while working as a packer under DuPo nt's direction. Taking all factual inferences in favor of DuPont, none of this evidence indicates that Brown & Root contributed by act or omission to the accident of DuPont's borrowed servant, who was under the control of DuPont at the time of the accident, who was working at

DuPont's De Lisle facility, and who was using a DuPont owned manipulator arm. DuPont has failed to show that a genuine material issue of fact remains to be resolved. Because Brown & Root has established that it did not cause the loss, either DuPont was the sole cause of the loss as between these two parties and summary judgment was appropriate, or, neither DuPont nor Brown & Root contributed to the loss and summary judgment was appropriate because the indemnity clause was never triggered.

For these reasons we affirm the judgment of the district court.

AFFIRMED.