**John A. BORNE**

v.

**VINTAGE PETROLEUM, INC.**

**Civil A. No. G–95–777.**

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 13, 1996.

David A. Brandom, Umphrey Eddins & Carver, Beaumont, TX, for plaintiff.

Robert Joseph Killeen, Jr., Houston, TX, for defendant.

Kenneth G. Engerrand, Brown, Sims, Wise and White, Houston, TX, for intervenor-defendant.

## ORDER GRANTING SUMMARY JUDGMENT

KENT, District Judge.

Plaintiff filed this cause of action pursuant to the Jones Act, 46 App.U.S.C. § 688 et seq. Now before the Court is Defendant's Motion for Summary Judgment of September 26, 1996. For the reasons set forth below, Defendant's Motion is **GRANTED.**

### I.  Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Issues of material fact are genuine only if they require resolution by a trier of fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In other words, the Court must accept the evidence of the nonmoving party and draw all justifiable inferences in favor of that party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *see also* Fed.R.Civ.P. 56(c). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita,* 475 U.S. at 585–87, 106 S.Ct. at 1355–56; *Wise v. E.I. DuPont De Nemours & Co.,* 58 F.3d 193, 195 (5th Cir.1995). To meet this burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita,* 475 U.S. at 586–87, 106 S.Ct. at 1355–56 (quoting Fed.R.Civ.P. 56(e)). Summary judgment should be granted only if the evidence indicates that a reasonable fact-finder could not find in favor of the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *see also Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

## II. Factual Background

Plaintiff applied for a job as an oilfield pumper or gauger with Defendant in January, 1993 and was subsequently hired as an A Gauger. Sometime in 1994 or 1995, Defendant was promoted to the position of B Operator. During his employ with Defendant, most of Plaintiff's work was performed on wells and platforms. Plaintiff often had to take a crew boat to reach the platforms and wells on which he performed his job duties. In the course of his employment, Plaintiff sometimes piloted a boat out to the platforms. Plaintiff is not a licensed captain, nor has he had any formal maritime schooling or training. Plaintiff also performed certain maintenance tasks on the vessel, such as fueling it up and changing the fuel and oil filters. Plaintiff claims he also worked as a kind of deckhand on the vessels when he was not piloting them. The primary function of these vessels was to transport personnel out to the wells and platforms, and the vessels had no special equipment or tools on them

that would allow work to be performed from the deck.

During part of his tenure with Defendant, Plaintiff worked seven days on and seven days off and slept in the sleeping quarters at Defendant's facility in Baytown. At other times, he was on five days and off two days a week and slept at home. It appears from the record that Plaintiff sometimes drove to certain sites to perform his job duties as a gauger and an operator.

Plaintiff alleges that he sustained personal injuries as a result of incidents that occurred in May, 1993, August, 1993, May, 1994, and March, 1995 during the course of his employment. Plaintiff alleges that he is a seaman and seeks relief pursuant to the Jones Act, 46 App.U.S.C. § 688 et seq. Defendant, however, maintains that Plaintiff is not a seaman and therefore cannot bring a Jones Act claim. Defendant has moved for summary judgment on the grounds that Plaintiff is not a Jones Act seaman.

## III. Discussion

In order to recover under the Jones Act, a plaintiff must be a seaman. The Fifth Circuit has developed a two-part test for determining seaman status. First, the worker must show that he was permanently assigned to a vessel or an identifiable fleet of vessels or performed a substantial amount of his work on a vessel or fleet of vessels; second, the worker must show that the duties he performed contributed to the function of a vessel or the accomplishment of its mission. *Barrett v. Chevron, U.S.A., Inc.,* 781 F.2d 1067, 1072 (5th Cir.1986); *Offshore Co. v. Robison,* 266 F.2d 769, 779 (5th Cir.1959).

Applying this test to the facts in this case, the Court finds that Plaintiff is not a seaman as a matter of law. Plaintiff utterly fails to show that he was permanently assigned to a vessel or that he performed a substantial amount of his work on a vessel. The record shows that Plaintiff often took a vessel out to wells or platforms to perform his job duties. The fact that he used a boat to get to job sites does not qualify him as being assigned to a vessel or a fleet of vessels. The boats Plaintiff used were merely a

means of transportation, a "nautical motor pool," to the sites where he performed his true job duties. *Munguia v. Chevron, Co., U.S.A.,* 768 F.2d 649, 653 (5th Cir.1985). Plaintiff worked as a gauger and an operator and admitted in his deposition that the majority of his work was performed on wells and platforms. The fact that he also piloted the crew boats and performed some routine maintenance on them does not qualify Plaintiff as having done a "substantial amount of his work" on a vessel. *See Munguia,* 768 F.2d at 653 ("Although [Plaintiff] did some incidental work that contributed to the maintenance and operation of the vessels, his primary duties were neither to pilot nor to maintain the boats nor to use them as a place of work."). Plaintiff's use of the boats was merely as a means of getting to and from the sites where he performed his actual job duties as a gauger and operator.

Plaintiff in this case has done just about everything to lend support to his claim of seaman status except dress himself up in a Popeye outfit. In any bar of a port city, it is said that a plaintiff can increase his damages by crawling to the docks and throwing himself onto the main deck of a ship. The Court finds, however, that despite the common perception of that hoary myth, and despite all of Plaintiff's well-coached deposition testimony about the maintenance he performed on the crew boats and the importance of the boats to his job, Plaintiff is simply not a seaman. The Court recognizes the necessity of creativity by counsel when evaluating and bringing claims, but the Court also expects counsel to act as officers of the Court. The Court notes that it has taken a substantial amount of time to review the copious pleadings in this case, which could have been avoided if counsel had taken more time in assessing Plaintiff's claim and had brought it under the correct, applicable law. The Court admonishes Plaintiff's counsel to better evaluate his cases in the future and plead them precisely and in good faith. While no action will be taken at this time, the Court notes that Plaintiff's allegation that he is a seaman sails dangerously close to the edge of the Mariana Trench of Rule 11 sanctions. It appears to the Court that Plaintiff is an offshore worker whose claim for injury should be governed by the Outer Continental Lands Shelf Act, 43 U.S.C. § 1331–1333. The Court is not certain about the application of OCSLA, however, because Plaintiff's Complaint is strikingly vague about where and how Plaintiff was injured. The Court therefore **ORDERS** Plaintiff to amend his Complaint within twenty (20) days from this Order and set forth his allegations with specificity under the correct applicable law. Defendant shall have twenty (20) days from the date the Amended Complaint is filed to file an Amended Answer thereto.

For the reasons set forth above, Defendant's Motion for Summary Judgment is **GRANTED** on the question of seaman status. Consequently, the Jones Act claim asserted by Plaintiff is hereby **DISMISSED WITH PREJUDICE.** Plaintiff is **ORDERED** to amend his Complaint within twenty (20) days of this Order to precisely state his claims under applicable law, alleging with specificity where and how he was injured. Defendants are given leave to file an Amended Answer to this Amended Complaint within twenty (20) days after the Amended Complaint is filed. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file nothing further on these issues in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**