Darrell ARNETT, as Administrator for
the Estate of Jenni Arnett, and all
others similarly situated, Plaintiff

v.

Carole Keeton STRAYHORN, as Comp-
troller for the State of Texas, and
the State of Texas, Defendants.

No. A–06–CA–059–SS.

United States District Court,
W.D. Texas,
Austin Division.

May 16, 2006.

**692**

Andrew J. Ryan, Patrick Salisbury, Salisbury & Ryan LLP, New York City, Jessica P. Wannemacher, Howrey LLP, Houston, TX, Lawrence Salisbury, Majors & Fox LLP, San Diego, CA, Robert L. Green, Jr., Howrey LLP, Washington, DC, for Plaintiff.

Maureen Powers, Office of the Attorney General, Austin, TX, for Defendants.

## ORDER

SAM SPARKS, District Judge.

Before the Court are Plaintiff's Motion for Class Certification, filed March 23, 2006[# 17]; Plaintiff's Request for Evidentiary Hearing Regarding Class Action Certification, filed March 23, 2006[# 18]; Defendant's Response to Plaintiff's Motion for Class Certification, filed March 30, 2006[# 21]; Defendant's Motion and Brief for Partial Summary Judgment, filed April 5, 2006[# 24]; Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Class Certification, filed April 13, 2006[# 26]; Appendix to Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Class Certification, filed April 13, 2006[# 27]; Plaintiff's Response to Defendant's Motion for Partial Summary Judgment and Brief in Support of Same, filed April 19, 2006[# 29]; Appendix to Plaintiff's Response to Defendant's Motion for Partial Summary Judgment and Brief in Support of Same, filed April 19, 2006[# 30]; and Defendants' Reply to Plaintiff's Response to Motion for Partial Summary Judgment, filed April 27, 2006[# 32]. Having considered the motion, response and reply thereto, the case file as a whole and the applicable law, the Court enters the following opinion and orders.

## I.  Background

Plaintiff Darrell Arnett, as Administrator for the Estate of Jenni Arnett ("Arnett") filed this action on behalf of himself, and others similarly situated, against Defendants Carole Keeton Strayhorn ("Strayhorn"), in her official capacity as the Comptroller for the State of Texas ("Comptroller"), and the State of Texas. At issue is property the State of Texas holds pursuant to the Texas Unclaimed Property Law. This law requires various business organizations to report and deliver to the State Comptroller's office property considered to be unclaimed ("Unclaimed Property"). The Unclaimed Property consists of property owned by the business organization's clients or customers, for which there has been no activity for an extended period of time. TEX. PROP.CODE ANN. §§ 72.001–.103 & 73.002–.102 (Vernon Supp.2005).

Once delivered to the Comptroller, the statute requires the Comptroller to sell the Unclaimed Property. *Id.* § 74.401. The proceeds from the sale are deposited to the credit of the general revenue fund of the State of Texas. *Id.* § 74.601(b). The owners of the Unclaimed Property are entitled to submit a claim for return of the property at any time. If the State of

Texas determines the claim is valid, the Unclaimed Property is returned, minus a handling fee if the property value exceeds $100. *Id.* § 75.501. A right of appeal is afforded any "person aggrieved by the decision of a claim filed" seeking the return of Unclaimed Property. *Id.* § 74.506.

Plaintiff alleges that, while held by the Comptroller, the Unclaimed Property generates revenue ("Revenue"). The Revenue generated may be in the form of interest, dividends or other appreciation. Plaintiff further asserts the Unclaimed Property generates millions of dollars of Revenue annually. (Plf.Compl.¶ 15). However, according to Plaintiff, when the Unclaimed Property is returned to the owner, the State of Texas generally does not return the Revenue generated. Rather, the State of Texas retains the Revenue and uses it for general public purposes. (*Id.* ¶¶ 16–18).

Plaintiff asserts that, in his capacity as administrator for the estate of Jenni Arnett, he requested the return of $51,550.00, plus the interest thereon. The property had been held in trust by the State of Texas since at least 1999, resulting from previously unclaimed 50,000 shares of stock, originally held by Nationsbank of Georgia. Although the State of Texas returned the $51,550.00, Arnett never received the interest that had accrued. (*Id.* ¶ 7).

Plaintiff asserts this action on behalf of himself as well as members of a class he defines as including:

all persons and/or entities who, within the relevant statutory period, if any, received from the State [of Texas] the return of their Unclaimed Property that had been held in trust by the State [of Texas] pursuant to the Unclaimed Property Law, but who did not receive the Revenue generated by their Unclaimed

Property during the time it was held in trust by the State [of Texas].

(*Id.* ¶ 22).

Plaintiff first asserts a cause of action for violation of the prohibition against the taking of private property for public use without just compensation contained in the Fifth Amendment to the United States Constitution, incorporated as to the State of Texas by the Fourteenth Amendment. (*Id.* ¶¶ 5–33). He further claims the conduct of Defendants violates Article I, Section 17 of the Texas Constitution. (*Id.* ¶¶ 34–40). Plaintiff also asserts claims for unjust enrichment and breach of fiduciary duty under Texas state law. (*Id.* ¶¶ 41–51). As relief, Plaintiff seeks the return of the Revenue generated by the Unclaimed Property, as well as an injunction prohibiting the State of Texas from retaining any Revenue in the future, a declaratory judgment decreeing the Unclaimed Property Law unconstitutional, and an accounting from the State of Texas regarding Revenue generated by the Unclaimed Property of the members of the class defined by Plaintiff, as well as attorneys' fees under the Federal Declaratory Judgment Act. (*Id.* ¶¶ 20 & 52–62).

Defendant Strayhorn has now filed a motion for partial summary judgment. She seeks dismissal of all of Plaintiff's claims seeking monetary relief under the doctrine of sovereign immunity. Plaintiff has filed a motion for certification of this case as a class action. He also requests an evidentiary hearing on the matter of class certification. The parties have filed responsive pleadings and the matter is now ripe for determination.

## II. Motion for Partial Summary Judgment

### A. Standard of Review

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of

Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

■ The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Wise v. E.I. DuPont De Nemours & Co.*, 58 F.3d 193, 195 (5th Cir.1995). The non-movant must respond to the motion by setting forth particular facts indicating there is a genuine issue for trial. *Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir.2000). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id.*

■ The parties may satisfy their respective burdens by tendering depositions, affidavits or other competent evidence.

*Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.1992). Unsubstantiated or conclusory assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.1994).

## B. Discussion

■ Defendant Strayhorn contends she is entitled to immunity under the Eleventh Amendment from Plaintiff's claims seeking monetary relief. According to Strayhorn, because Plaintiff has sued her solely in her official capacity as the Comptroller for the State of Texas, she is entitled to invoke immunity under the Eleventh Amendment from all claims for monetary damages asserted against her in an official capacity suit.[1]

■■ The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. AMEND. XI. The amendment acts to divest federal courts of jurisdiction over suits against a state. *Green v. State Bar*, 27 F.3d 1083, 1087 (5th Cir.1994) (citing *Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304, 110 S.Ct. 1868, 1871, 109 L.Ed.2d 264 (1990)). A suit against a state agency is an indirect suit against the state and, therefore, also

---

1. Strayhorn correctly limits her argument to Plaintiff's claims seeking monetary relief, acknowledging state agencies and officials are not protected in their official capacities from suit for injunctive relief. *Ex Parte Young*, 209

U.S. 123, 155–56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908); *Reickenbacker v. Foster*, 274 F.3d 974, 976 (5th Cir.2001) (sovereign immunity is no bar to suits for injunctive relief against state officials).

barred. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984); *Briggs v. Mississippi,* 331 F.3d 499, 503 (5th Cir. 2003) (Eleventh Amendment bars suit against state or state entity). A suit for damages against a state official in his official capacity is also deemed to be a suit against the state, and the official is thus entitled to invoke Eleventh Amendment immunity. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989).

■ Plaintiff, however, argues the monetary relief he seeks is not barred by the Eleventh Amendment. According to Arnett, his claim is not a request for public funds from the State of Texas. Rather, Arnett maintains because Unclaimed Property never becomes the property of the state, but is maintained in trust for the true owner, any Revenue flowing from the Unclaimed Property cannot be property of the State of Texas.

Based on his characterization of the Unclaimed Property as "held in trust", Plaintiff argues the Eleventh Amendment case law cited by Defendant is distinguishable because the language references "public funds in the state treasury" and "the general revenues of the State." *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974). He contends the Unclaimed Property, and its Revenues, do not fall into those categories because they remain the property of the true owner, not the State of Texas.

Plaintiff's argument, however, fails to consider the language of the Texas statute in question. The statute provides in pertinent part:

The comptroller shall deposit to the credit of the general revenue fund:

(1) all funds, including marketable securities, delivered to the comptroller under this chapter or any other statute requiring the delivery of unclaimed property to the comptroller;

(2) all proceeds from the sale of any property, including marketable securities, under this chapter;

TEX. PROP.CODE ANN. § 74.601(b) (Vernon 2006). Pursuant to the clear language of this statute, Defendant deposited Plaintiff's Unclaimed Property in the general revenue fund. Once placed in the general revenue fund, the Unclaimed Property "is subject to appropriation by the legislature." *Id.* § 74.603.

More than sixty years ago the Supreme Court made clear "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit." *Ford Motor Co. v. Dep't of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). Strayhorn, pursuant to state law, placed Plaintiff's Unclaimed Property in Texas' general revenue fund, i.e. the state treasury. Arnett now seeks monetary payment from Strayhorn, in the guise of Revenue generated by the Unclaimed Property. Because any such Revenue would also be part of the state treasury, Plaintiff's claim for this monetary relief is barred by the Eleventh Amendment. *Edelman,* 415 U.S. at 663, 94 S.Ct. at 1356 (suit by private parties seeking to impose liability which must be paid from public funds in state treasury is barred by Eleventh Amendment).[2]

---

**2.** The Court additionally notes Plaintiff could have avoided the bar of the Eleventh Amendment by pursuing this action in Texas state court. He presumably could have, but apparently failed to, assert his claim for the Revenue from his Unclaimed Property in his state administrative claim. Nor does it appear Arnett exercised his appellate remedy on such a claim under the Unclaimed Property statute. *See* TEX. PROP.CODE ANN. § 74.506(b) (person

Arnett further relies on a recent case in which the Ninth Circuit found the California Controller was not entitled to invoke Eleventh Amendment immunity concerning a claim arising from unclaimed property. *Taylor v. Westly*, 402 F.3d 924 (9th Cir.2005). The plaintiffs in *Taylor* argued their property, specifically shares of corporate stock, had been improperly taken by the Controller. They sued for "disgorgement and return of either their stock investment or the return of the reasonable value thereof, ... [and] an injunction commanding the Controller to return their stock," among other relief. *Id.*, 402 F.3d at 929. The district court dismissed the action in its entirety as barred by the Eleventh Amendment. The Ninth Circuit reversed, holding:

> The plaintiffs' suit is not against the state treasury and is merely a suit for the return of their property ... Because the plaintiffs seek genuinely prospective relief, and because the funds they seek are held by the state as custodian in trust for them rather than as the state's own funds, much as a municipality holds a car towed from an expired parking meter, the complaint should not have been dismissed under the Eleventh Amendment for lack of jurisdiction.

*Id.*, 402 F.3d at 936.

Once again, however, Plaintiff's argument fails to consider the language of the Texas statute. The Ninth Circuit specifically looked to the language of the California statutes as "unambiguously provid[ing] that the Controller and even the Treasurer holds property he or she takes as 'unclaimed' in trust," by using "[t]raditional trust language." *Id.*, 402 F.3d at 931. In contrast, as quoted above, the Texas statute directs the Comptroller to deposit un-

claimed property in the State's general revenue fund, not in a separate trust fund for owners. *See Clark v. Strayhorn*, 184 S.W.3d 906, 912 (Tex.App.-Austin 2006, writ denied) (holding Texas unclaimed property statute has no provision for custodial trust). Absent the creation of a trust, the Eleventh Amendment would clearly act to bar Plaintiff's claims for monetary relief. *See Taylor*, 402 F.3d at 929–30 (generally, Eleventh Amendment shields state governments "from declaratory judgments against the state governments that would have the practical effect of requiring the state treasury to pay money to claimants"). *See also Paschal v. Jackson*, 936 F.2d 940, 944–45 (7th Cir. 1991) (declining to adopt analytical approach requiring examination of state's fiscal structure to determine source of funds, where a state "gets the money to satisfy a judgment is no concern of the plaintiff or the court; what matters is that the judgment runs against the state").

The trust fund argument also flies in the face of two Supreme Court decisions. In both cases, taxpayers sued state officials to recover taxes paid under protest. The states segregated the funds and held them in trust pending the outcome of the litigation. In both cases, the Court held the suits were against the state as an entity and thus barred by the Eleventh Amendment. *See Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573, 579–80, 66 S.Ct. 745, 748, 90 L.Ed. 862 (1946) (state statute permitting action to recover taxes paid under protest fell short of clear declaration by state of consent to be sued in federal courts); *Great Northern Life Ins. Co. v. Read*, 322 U.S. 47, 55, 64 S.Ct. 873, 877, 88 L.Ed. 1121 (1944) (same). Notably, the Supreme Court characterized

---

aggrieved by decision under this chapter has right to appeal by filing suit in state district court). The statute specifically abolishes "the

state's immunity from suit without consent" for such suits. *Id.*

the holding of the money "separate and apart by the collector," rather than in the general funds of the treasury, as an "immaterial difference." *Great Northern*, 322 U.S. at 53, 64 S.Ct. at 876. Accordingly, Strayhorn is entitled to the protection of the Eleventh Amendment in this action.

### III. Motion for Class Action Certification

#### A. Standard of Review

Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements for certification of a class action. The party seeking certification bears the burden of meeting these requirements. *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 737–38 (5th Cir.2003). The district court must conduct a "rigorous analysis" of the Rule 23 requirement before certifying a class. *Stirman v. Exxon Corp.*, 280 F.3d 554, 561–62 (5th Cir. 2002); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir.1996). Rule 23(a)

requires numerosity of parties, commonality of law or fact issues, typicality of claims or defenses and adequacy of representation. FED.R.CIV.P. 23(a).[3] Once a plaintiff has met these prerequisites, he must also demonstrate he falls into one of the categories enumerated in Rule 23(b).[4]

#### B. Discussion

Defendants do not argue Plaintiff has failed to establish the first three prerequisites of Rule 23(a), namely numerosity, commonality and typicality. Rather, they contend Plaintiff is not an adequate class representative. Correctly predicting the Court's ruling above, concluding Plaintiff is barred from seeking monetary relief, Defendants maintain Arnett is not able to properly represent the interests of those seeking the only relief available, declaratory and/or prospective injunctive relief.

Plaintiff does not, nor does the Court reasonably believe he can, contend he will be likely to have property subject to the

---

**3.** Rule 23(a) specifically requires plaintiffs seeking to be certified as representatives of a class to establish: "(1) the class is so numerous joinder of all members is impracticable; (2) there are common questions of law or fact to the class; (3) the claims or defenses of the representatives are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED.R.CIV.P. 23(a).

**4.** Rule 23(b) allows a class action to be maintained if:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests, or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole, or

(3) the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions, (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class, (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, (D) the difficulties likely to be encountered in the management of a class action.

FED.R.CIV.P. 23(b).

Texas Unclaimed Property Law in the future. Absent any such allegations, this Court would lack jurisdiction to entertain, because Plaintiff lacks standing to assert, a claim for prospective injunctive relief. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 111, 103 S.Ct. 1660, 1670, 75 L.Ed.2d 675 (1983) (plaintiff's assertion he may again be subject to illegal chokehold does not create actual controversy, absent sufficient likelihood he will again be wronged in similar way, plaintiff is not entitled to injunctive relief); *Golden v. Zwickler,* 394 U.S. 103, 109, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1969) (plaintiff who was no longer likely to run for election had not presented case or controversy of "sufficient immediacy and reality" to allow declaratory judgment challenging constitutionality of statute prohibiting anonymous handbills directly pertaining to election campaigns); *Geiger v. Jowers,* 404 F.3d 371, 375 (5th Cir.2005) (plaintiff lacked standing to seek prospective injunctive relief for a First Amendment violation where he has not shown or even alleged a likelihood of future harm by way of a real and immediate threat that defendants would violate his First Amendment rights in the future). Moreover, as noted above, Arnett would have an adequate remedy at law to seek relief in the future under the initial claim and appellate review provisions of the Unclaimed Property statute.

■ The Court's above ruling additionally undercuts the need for class certification of this action. The only issue remaining in this case is Plaintiff's challenge to the constitutionality of the Texas Unclaimed Property statute. Class actions exist primarily, if not solely, to achieve a measure of judicial economy, preserving the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion. *Allison v. Citgo Petroleum Corp.,* 151 F.3d 402, 410 (5th Cir.1998). No useful purpose would be served by requiring this case to proceed as a class because all individuals who are not a part of this action, but who are aggrieved by the Texas Unclaimed Property Law in the same manner as Plaintiff, will have the benefit of this Court's ruling concerning the statute's constitutionality. *See, e.g., Aacen v. San Juan County Sheriff's Dep't,* 944 F.2d 691, 700 (10th Cir.1991) (class action not required where same relief afforded class members without its use); *Berger v. Heckler,* 771 F.2d 1556, 1566 (2nd Cir.1985) (class certification not necessary where relief will benefit all members of proposed class); *Dionne v. Bouley,* 757 F.2d 1344, 1355–56 (1st Cir.1985) (denial of class certification proper where certification is merely formality or otherwise inappropriate); *Craft v. Memphis Light, Gas & Water Div.,* 534 F.2d 684, 686 (6th Cir.1976), *aff'd,* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978) (class certification properly denied where constitutional determination applicable whether action treated as individual action or as class action). *See also United Farmworkers v. City of Delray Beach,* 493 F.2d 799, 812 (5th Cir.1974) (refusing to reach propriety of class certification because nature of right sought to be vindicated requires decree to run to benefit of others similarly situated).[5] Accordingly, Plaintiff's motion for class certification is without merit, and there is no need for an evidentiary hearing on the issue.

---

**5.** The undersigned notes Plaintiff impliedly concedes the lack of necessity for class certification should the Court find the Eleventh Amendment applicable. By way of his reply, Arnett properly characterizes each of Defendants' objections to class certification as based on the applicability of sovereign immunity. His refutation is limited to the same arguments he raises in response to the motion for summary judgment.

In accordance with the foregoing:

IT IS ORDERED that Defendant's Motion and Brief in for Partial Summary Judgment, [# 24] is GRANTED; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Class Certification [# 17] and Plaintiff's Request for Evidentiary Hearing Regarding Class Action Certification [# 18] are DENIED.